IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DeANGELO MONTIER STANLEY,  \*
     Plaintiff,
                                     \*
    v.                                     CIVIL ACTION NO. DKC-07-795
                                     \*
W. MAYCOCK,
     Defendant.                \*
                                \*\*\*\*\*\*

**MEMORANDUM**

On March 23, 2007, Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Paper No.1. Counsel for Defendant has filed a dispositive motion (Paper No. 13), which shall be treated as a Motion for Summary Judgment. Plaintiff has responded. Paper No. 16. No hearing is needed to resolve whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's motion for summary judgment shall be granted.

**1. Factual Background**

Plaintiff claims that on March 3, 2007, he was involved in an altercation in the gym which resulted in his being placed on "lock-up." Unnamed officers in Plaintiff's housing unit packed Plaintiff's property out of his presence, and forwarded it to his new housing unit. When his property was returned to him, he noticed eight pieces of "critical legal mail" were missing. Plaintiff alleges that unnamed correctional employees improperly reviewed and kept his legal documents. He states that Defendant Maycock was "in charge" of the institution at the time of the incident. Paper No. 1.

**2. Standard of review**

**A.**    **Motion to Dismiss**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the Complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to Plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.**     **Summary Judgment**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor.  *See Halperin v. Abacus Tech. Corp.*,128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255).  The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991).  The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion.  *Anderson*, 477 U.S. at 252.

### 3. Analysis

**A.**     **Exhaustion**

Defendant contends Plaintiff's case should be dismissed due to his failure to exhaust available administrative remedies.  The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under

2

§ 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations, and his claims must be dismissed, unless he has satisfied the administrative exhaustion requirement under the PLRA or Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement compels a prisoner to comply with prison grievance procedures. *See Jones v. Bock,* 127 S.Ct. 910, 923 (2007). A prisoner must pursue a grievance until he receives a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a lawsuit for failure to exhaust where a federal prisoner did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal

with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The documentary evidence shows that Plaintiff voluntarily withdrew his administrative remedy request. Paper No. 13, Ex. 8. Accordingly, Plaintiff did not exhaust his available remedies and his case is subject to dismissal.[1]

**B.     Respondeat Superior**

Plaintiff has alleged no personal involvement by Major Maycock in the loss of his papers but rather contends that the Major, as the Officer-in-Charge, is liable. The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983. *See Monell v. New York Dept. of Social Services,* 436 U. S. 658, 691 (1978).

In order for supervisory liability to exist in a §1983 action it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

Deliberate indifference is more than negligence.

> Generally, a failure to supervise gives rise to a §1983 liability,

---

[1]In his opposition to the dispositive motion, Plaintiff states that he filed a new administrative remedy concerning his lost property. Paper No. 16. There is, however, no evidence of his having done so properly. Additionally, even if Plaintiff had exhausted his available remedies, his case is still subject to dismissal for the reasons that follow.

>however, only in those situations in which there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate §1983 liability.

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).

Plaintiff has not pointed to any specific action or inaction on the part of Defendant Maycock that in any way contributed to his injuries. Accordingly, he has failed to show a basis for imposing liability on this Defendant.

**C.     Property**

Even if Plaintiff had identified the correctional employees allegedly responsible for losing his papers, he would be entitled to no relief. In the case of lost or stolen property, sufficient due process is afforded a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]

**D.     Access to Courts**

To the extent Plaintiff's complaint can be construed as raising a denial of access to courts claim, it is likewise subject to dismissal as Plaintiff has not alleged that he incurred any actual injury as a result of the loss of the documents. Prisoners have a constitutionally protected right of access

---

[2]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act through the Inmate Grievance Office.

[3]Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Plaintiff has failed to allege, how the loss of the legal materials interfered with is ability to access the courts.

### 4. Conclusion

Given the foregoing, Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment is granted. A separate order shall be entered in accordance with this Memorandum.


Date:  October 29, 2007                     _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Judge